**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LARRY CULPEPPER**                                                                                         **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO.: 4:08-CV-16-SA-DAS**

**WAL-MART STORES EAST, INC.
AND JOHN DOE, MANAGER**                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Before the Court is the Plaintiff's Motion to Remand this matter to the Circuit Court of Sunflower County, Mississippi and the Defendant's Motion for Summary Judgment. After due consideration of the parties' briefs and the applicable law, the Court grants the Plaintiff's Motion to Remand [27] [33] and, therefore, declines to consider the Defendant's Motion for Summary Judgment [25].

**I. Factual and Procedural Background**

On January 17, 2008, the Plaintiff filed a Complaint [2] in the Circuit Court of Sunflower County, Mississippi, alleging that he had suffered personal injuries as a result of the Defendant, Wal-Mart's, negligence. He claimed the following injuries: past, present, and future medical expenses; past, present, and future physical pain and suffering; past, present, and future mental and emotional distress; permanent impairment; lost wages and loss of wage earning capacity; damage to credit/credit worthiness; and inconvenience and discomfort. He did not allege a specific amount of damages.

Wal-Mart removed the case to this Court [1] on February 4, 2008, alleging diversity jurisdiction as the basis of removal. On August 27, 2008, Wal-Mart filed its Motion for Summary Judgment [25]. The next day, Plaintiff filed his Motion to Remand [27], arguing that Wal-Mart had not proven the required amount in controversy for federal diversity jurisdiction. The day after that,

Wal-Mart served the Plaintiff with a Request for Admissions [29]. The record contains no reference to a response from the Plaintiff to the Request for Admissions.

On October 13, 2008, Wal-Mart responded [31] to the Plaintiff's Motion to Remand, arguing that the amount in controversy requirement had been met because the Plaintiff had failed to respond to their Request for Admissions concerning the amount in controversy or stipulate to the amount of damages he sought in this matter by way of an affidavit. After a couple of months, the Plaintiff filed a Supplemental Motion to Remand [33], which included an affidavit that stated he was entering a binding stipulation that he was not seeking damages in excess of $75,000.00.

## II. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). However, a matter is not removable if one or more of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

Once a motion to remand is filed, the burden falls on the party seeking to maintain this court's jurisdiction to show that the requirements for removal have been met. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). "If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the

2

removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

In cases such as this one, where there is no dispute as to whether the parties are citizens of different states but, rather, the plaintiff asserts that the "amount in controversy" requirement has not been met, the plaintiff's claim for damages, as stated in the complaint, is presumptively correct, unless the moving defendant can prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. Bass v. Food Giant Supermarkets, Inc., 2008 U.S. Dist. LEXIS 81926, *3 (N.D. Miss. 2008), *citing* Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961); St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

As a result, unless the removing defendant can meet its burden, a plaintiff may normally avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

Where a plaintiff fails to allege a specific amount of damages, the Fifth Circuit has prescribed the following procedure:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

3

St. Paul Reinsurance, 134 F.3d at 1253 (citations omitted). While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal... post-removal affidavits may be considered in determining the amount in controversy at the time of removal... if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000).

### III. Discussion

In this case, the Plaintiff failed to respond to a Request for Admission, and Defendant argues that Plaintiff therefore admitted that he was seeking damages in excess of the jurisdictional minimum. Later, the Plaintiff entered into a stipulation that the total amount he was seeking was less than the jurisdictional minimum and that he would not seek to amend his Complaint or file any pleading that requested more. Having examined the pleadings, this Court is not convinced that the Plaintiff, by not responding to the Defendant's Request for Admissions, actually admitted anything that would preclude remand. Further, the Plaintiff's stipulation that he will not seek more than $75,000.00 in damages deprives this Court of jurisdiction.

### *A. The Defendant's Requests for Admission*

Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within thirty (30) days. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991), *citing* Fed. R. Civ. P 36(a). A matter admitted under Rule 36 is deemed conclusively established unless the court permits, on motion, withdrawal or amendment of the admission. Murrell v. Casterline, 2008 U.S. App. LEXIS 6176, *5 (5th Cir. 2008), *citing* FED. R. CIV. P. 36(b). Prior to trial, the Court has considerable discretion to permit withdrawal or amendment of an admission under Rule 36(a), but the Court may permit withdrawal or amendment only if it would promote the presentation

4

of the merits of the action and the Court is persuaded that withdrawal or amendment will not cause prejudice to the requesting party in maintaining or defending the action on the merits. Am. Auto. Assoc. V. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991); FED. R. CIV. P. 36(b). The prejudice contemplated by the second prong of Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." Id.; Le v. Cheesecake Factory Rests., Inc., 2007 U.S. App. LEXIS 5232, *9 (5th Cir. 2007).

In the present case, the Defendant submitted the following requests for admission to the Plaintiff:

> REQUEST NO. 1: Do you admit or deny that the total claims and/or damages for Plaintiff are less than $75,000.00 for any and all injuries, damages, or losses arising out of the subject incident for this action?
>
> REQUEST NO. 2: Do you admit or deny that Plaintiff Larry Culpepper will ever seek to request damages and/or any type of compensation arising out of the subject incident in this action for an amount greater than $75,000.00?
>
> REQUEST NO. 3: Do you admit or deny that Plaintiff Larry Culpepper will ever seek to amend the Complaint in this action to request damages or any sum in the ad damnum clause in excess of $75,000.00?
>
> REQUEST NO. 4: Do you admit or deny that any and all alleged damages for the Plaintiff in this action do not exceed $75,000.00 and that the total amount in controversy for this action is less than $75,000.00 and agree to enter into a stipulation concerning this admission to be filed with the Court which is attached hereto as Exhibit "1"?

[31] The Plaintiff did not respond to the requests for admission, and, therefore, he is deemed to have admitted the matters therein. However, the Court is not convinced that the Plaintiff's failure to respond conclusively establishes that the amount in controversy is greater than $75,000.00.

The Plaintiff's failure to respond to the first request resulted in his admission "that the total

claims and/or damages... are less than $75,000.00 for any and all injuries, damages, or losses arising out of the subject incident for this action," which lends support to his Motion to Remand.

Failure to respond to the second request resulted in Plaintiff's admission that he "will... seek damages and/or any type of compensation arising out of the subject incident in this action for an amount greater than $75,000.00," and failure to respond to the third request resulted in Plaintiff's admission that he will try to amend his Complaint to request more than $75,000.00. Having admitted pursuant to Wal-Mart's first request (and, thus, conclusively established) that his total damages in this matter *are* less than $75,000.00, the Plaintiff's admissions pursuant to the second and third requests that he *will seek* more than $75,000.00 in damages are of no consequence.

Finally, Plaintiff's failure to respond to the fourth request resulted in the following admissions: 1) "that any and all alleged damages for [him] in this action do not exceed $75,000.00;" 2) "that the total amount amount in controversy for this action is less than $75,000.00;" and 3) that he agrees "to enter into a stipulation concerning this admission to be filed with the Court which is attached hereto as Exhibit '1'." Admission of the first two clauses of the final request obviously supports the Plaintiff's motion to remand. Admission of the final clause neither supports nor undermines the Plaintiff's motion to remand.

Therefore, while the Plaintiff did not respond to Wal-Mart's requests for admission, he did not actually admit anything that would give this Court jurisdiction.

### *B. The Plaintiff's Stipulation*

Jurisdictional facts which support removal must be judged at the time of the removal, but post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. Gebbia, 233 F.3d at 883. However, if it is facially

apparent from the petition that the amount in controversy exceeds $75,000.00 at the time of removal, post-removal stipulations or affidavits that reduce the amount do not preclude federal jurisdiction. Id.

It is has been clearly established that the proper procedure in situations such as this one is for the plaintiff to "file an affidavit signed by the plaintiff himself with the Complaint averring that he seeks no more than a total of $75,000.00 and in no circumstances would he accept more." McKelroy v. Wood, 2007 U.S. Dist. LEXIS 60978, *2 (N.D. Miss. 2007). "When a plaintiff fails to admit or stipulate that he will not accept more than $75,000.00 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000.00." Easley v. Lowe's Home Ctrs., Inc., 2007 U.S. Dist. LEXIS 53483, *5 (N.D. Miss. 2007). Courts in this jurisdiction have routinely remanded matters in which the Plaintiffs stipulated that the damages did not exceed $75,000.00. *See* Bass, 2008 U.S. Dist. LEXIS 81926 at *4; Hopkins v. Goldsmith, 2008 U.S. Dist. LEXIS 4964, *6 (N.D. Miss. 2008); Riddle v. Fred's, Inc., 2007 U.S. Dist. LEXIS 24579, *4 (N.D. Miss. 2007).

In this case, the Plaintiff did not allege a specific amount of damages, and the general categories of damages that he alleged are not accompanied by any supporting factual allegations that indicate their relative severity or lack thereof. Therefore, the basis for diversity jurisdiction at the time of removal was ambiguous, and the Court may consider the Plaintiff's stipulation.

The Plaintiff entered into a stipulation that he would not *seek* damages in excess of the $75,000.00. He did not stipulate that he would not, under any circumstance, *accept* more than the jurisdictional minimum, but the state courts of Mississippi have indicated that they would reduce judgments pursuant to stipulations entered into by plaintiffs for the purpose of defeating federal

7

diversity jurisdiction. Wilson v. GMAC, 883 So.2d 56, 73 (Miss. 2004). Therefore, any exigencies that might counsel against this Court remanding to the state court are adequately covered. Furthermore, if the Plaintiff, contrary to the stipulation he has entered in this Court, seeks more than the jurisdictional minimum in state court, his case will again be subject to removal. Riddle, 2007 U.S. Dist. LEXIS 24579 at *4. More importantly, he will have committed a fraud upon the Court by entering a disingenuous stipulation simply for the purpose of precluding federal diversity jurisdiction.

### IV. Conclusion

The Court concludes that Plaintiff's Motion to Remand is GRANTED. Since this Court does not have jurisdiction over this matter, it declines to rule on the Defendant's Motion for Summary Judgment. A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 13th day of February, 2009.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**